## City of Grand Rapids v. Henry Hughes.

*Municipal corporations—Encroachments on streets.* Under the laws of Michigan, relating to streets and public ways, obstructions which cumber the open way and render passage and travel more difficult and dangerous, and encroachments which undertake to appropriate a portion of a street, by fences, walls or buildings, have always been carefully distinguished, and different proceedings and penalties provided therefor; the power therefore given to a municipal corporation to impose penalties for cumbering streets, would not warrant imposing them for encroachments upon streets.

*Enforcing by-laws by penalties.* Where a city charter specifically enumerates various powers which the Common Council may render effectual by penal prosecutions, such enumeration is an implied exclusion of the right to impose penalties in other cases.

*Heard October 18th. Decided November 8th.*

Error to the Recorder's Court of the City of Grand Rapids.

This was an action to recover a penalty for encroaching upon the public highway in the City of Grand Rapids.

It was brought under the following ordinance adopted by the Common Council of said city, to wit:

"In case any building, fences or other improvement which now is or may hereafter be erected within the City of Grand Rapids, shall extend into or in any manner encroach upon or obstruct any highway, street, alley or public square, the City Superintendent may serve or cause to be served a written notice on the owner or occupant thereof, if residents, and if not residents by posting the same in a conspicuous place, therein specifying the location and extent of such encroachments, and requiring such owner within thirty days, to remove the same from off such highway, street, alley or public square, and if such owner shall not, within the time specified in such notice, remove such obstruction or encroachment, such owner shall be liable to a penalty of ten dollars for every day thereafter, until such encroachment or obstruction shall be removed."

The plea was the general issue. Judgment was rendered in favor of the defendant.

The case involves the power of the Common Council to impose a penalty in such a case.

*W. A. Robinson* and *C. I. Walker*, for plaintiff in error.

*Gray & Thompson*, for defendant in error.

1. The Common Council had no right to pass the ordinance under which this action is brought.

*a.* The declaration implies, that the ordinance in question was adopted under and by virtue of the power conferred upon the Common Council, by clause 8, sec. 10, of the charter ( *S. L.* 1857, *p.* 285 ). This clause relates to the " cumbering " of streets, etc. We claim that " cumbering " and " encroachment " are two entirely different matters, and that the defendant was not guilty of " cumbering. "

Section 21, clause 7, of the charter of the city of Detroit, provides for an ordinance to prevent and prohibit the encumbering of public docks, etc. — *Laws of* 1857, *p.* 95. Clause 8, p. 96, prohibits the erection of buildings on them. Clause 13, p. 97; authorizes the Common Council to prohibit and prevent the encumbering of streets, etc. Clause 24, p. 99, provides for an ordinance to prohibit and remove from streets and highways, encroachments by buildings, fences, etc. — 1 *Comp. L. p.*, 366, §§ 1086, 1087, made an evident discrimination between " obstructions " and encroachments.

The same distinction is found in plaintiff's charter. — *Laws of* 1857, *p.* 285, 287.

*b.* No power is given to pass any ordinance to prevent and remove encroachments. It does not come under sec. 10, p. 284, which defines the general subjects, relative to which the Council may adopt " ordinances, by-laws, and restrictions." Many other sections are found, in which

this power is granted:—*p.* 287, *sec.* 12; *p.* 313, *sec.* 34; *p.* 322, *sec.* 63; *p.* 323, *sec.* 1, 2, 3; *p.* 325, *sec.* 11; *p.* 326, *sec.* 13. But sec. 11, p. 287, does not grant it. The right of the Council to enact this ordinance must come under this section, if any.

Such power cannot be taken by implication, since this is not necessary to enable the Council to carry out the powers which are expressly given it.

Sec. 34, *p.* 313, makes this body, Commissioners of Highways for the city. Their duties and powers are defined by the laws of the state, except so far as increased or restricted by the charter. For these powers and duties, *see* 1 *Comp. L. p.* 340. Their mode of action, in cases of obstructions or encroachments, is laid down on *p.* 366. The Legislature have deemed these provisions ample and sufficient.

*c.* By § 14, *p.* 288 *Laws of* 1857, the Council have no power to direct a penalty, except where *it has authority by the charter* to pass an ordinance. The authority must therefore be *express*, and cannot be taken by implication. The language is too distinct to admit of any other construction.

COOLEY J.

The exceptions which were argued in this case relate to the exclusion of evidence; but the declaration is before us, and if it appears from that, that the action could not be sustained upon any evidence which could be given under it, it would be idle to pass upon the exceptions.

The action is brought under an ordinance of the city of Grand Rapids, which provides that in case any building, fence or other improvement, which now is or may hereafter be erected within said city, shall extend into or in any manner encroach upon or obstruct any

highway, street, alley or public square, the City Superintendent may serve or cause to be served a written notice on the owner or occupant thereof, if a resident, and if not a resident, by posting the same in a conspicuous place, therein specifying the location and extent of such encroachment, and requiring such owner within thirty days to remove the same, from such street, &c., and if such owner shall not, within the time specified, remove such obstruction or encroachment, he shall be liable to a penalty of ten dollars for every day thereafter, until such obstruction or encroachment shall be removed.

The particular encroachment complained of in this case, is, the enclosing a portion of the Grandville road, so called, with a board and post fence, and the erection of a dwelling house within the enclosure. This appears to have been done in 1851, six years before the ordinance was passed, and before the amended city charter under which the power to pass the ordinance is claimed.

The charter empowers the Common Council of the city to pass ordinances for a great variety of purposes, and to prescribe a penalty not exceeding one hundred dollars for their violation. Among the purposes specified is, " To prevent the cumbering of streets, side-walks, cross-walks, lanes, alleys, bridges, aqueducts, wharves or slips, in any manner whatever." — *Laws* 1857, *p.* 285. From the record it is to be inferred that the Common Council deduce their authority to pass the ordinance in question from this provision. If so, we do not think it can ·be sustained as applicable to cases like the present.

Our laws have always made a distinction between cumbering or obstructing a public way, and encroaching upon it. The former term has been applied to impediments to travel and passage placed in the open street, and tending to make its use difficult or dangerous; while the latter has embraced the actual enclosure of a portion of the street by fences or walks, or occupation by

15 Mich. — E.

buildings. The mode of dealing with the two offenses has almost always been different, and the penalties also. We need only to refer to *Code of* 1827, *p.* 396 – 7, § 25 *and* 26; *Code of* 1833, *p.* 111; *R. S. of* 1838, *p.* 128; *R. S. of* 1846, *p.* 138; *Comp. Laws, p.* 366; *Laws of* 1861, *p.* 153. The city charters have ·made the same distinction, and we are not at liberty to overlook it. An encroachment upon a street may, in one sense, be said to "cumber" it, but as the legislature has never employed the two words as synonymous terms, we cannot hold that a power to impose penalties for cumbering or obstructing the streets will authorize proceeding in the same manner for encroachments.

The charter, however, empowers the Common Council to prevent and remove all encroachments upon the streets; and it may perhaps be. thought that this would authorize them to impose penalties as one means of preventing or removing such encroachments. But where the charter specifically enumerates various powers which the council may render effectual by means of penal prosecutions, we think this enumeration is an implied exclusion of the right to impose penalties in other cases. — *Child v. Hudson's Bay Co.* 2 *P. Wms.* 207; *State v. Ferguson,* 33 *N. H.* 424. We think, therefore, that while the legislature has fully authorized the council to impose penalties for obstructions, it has carefully withheld the power in case of encroachments.

Many reasons may have operated upon the legislative mind to induce them to make this distinction. Obstructions which "cumber" a street or walk are commonly the result of carelessness, negligence or mischief, and require prompt remedies; while encroachments usually proceed from a claim of legal right to the land occupied, and the ordinary legal remedies are sufficient for the trial of this right. The merchant who allows his boxes and barrels needlessly to cumber the street .after notice to

remove them, may properly be fined for his neglect; but we doubt if any legislature would intentionally authorize ordinances under which one who many years before had erected a building upon what he claimed to be the line of the street, might be ruined by the accumulation of penalties against him at the rate of ten dollars a day if he failed to acquiesce in the public right, and destroy or remove the building when the notice was served upon him. And as the council have the same power to impose continuing penalties of a hundred dollars a day as of any smaller sum, it is easy to see that cases may arise where one acting in perfect good faith may be severely and needlessly punished for the simple assertion of what he believed to be his rights, and under an ordinance which, if not strictly *ex post facto* in the legal sense, is so at least to the common apprehension as well as in its consequences.

Under the general law of the state the penalty for an obstruction to a public highway is twenty - five dollars, while that for an encroachment is limited to fifty cents a day. — *Laws of* 1861 *p.* 153. It is not probable that the legislature supposed they were authorizing the imposition of penalties to two hundred times this amount in the city of Grand Rapids. On the contrary, it is to be inferred that when they had empowered the city authorities to proceed themselves to the removal of encroachments, they had conferred all the power over the subject that they thought was needed in addition to that which the public authorities possessed by means of the ordinary remedies.

As this disposes of the case, we do not discuss the other questions which arise upon the ordinance. The judgment of the Recorder's Court must be affirmed, with costs.

The other Justices concurred.