GEORGE W. GORHAM, COMMISSIONER OF HIGHWAYS OF CASCADE TOWNSHIP v. JOHN H. WITHEY.

*Encroachments on a highway differ from obstructions.*

1. The statutory action of trespass for encroachments on a public highway (How. St. § 1372) does not lie where the notice to remove them shows that the alleged encroachment is caused by fences entirely obstructing the road.

2. A justice of the peace has no jurisdiction of an action involving the title to land.

Error to Kent. (Montgomery, J.)  Oct. 26.—Oct. 31.

TRESPASS. Defendant brings error. Reversed. The action was brought under How. St. § 1372 to recover a penalty for maintaining certain alleged encroachments in a highway, the " encroachment " being in fact three rail fences running quite across the road. This fact appeared from the notice to remove them, served by the commissioner of highways upon the defendant. The latter offered to prove that he owned the land in fee ; that the fences were portions of the enclosures of his fields, and that no highway had been laid out. He admitted however that he had not notified the commissioner that he should deny the existence of the highway, and his offer of proof was therefore excluded and judgment rendered for plaintiff.

*Champlin & More* for appellant. A justice of the peace cannot try actions involving land titles, and plea of title is

a defense: *Little v. Denn* 34 N. Y. 452 overruling *Parker v. VanHouten* 7 Wend. 145 ; see also *Heaton v. Ferris* 1 Johns. 146 ; *Striker v. Mott* 6 Wend. 465 ; *Whiting v. Dudley* 19 Wend. 373 ; *State v. Doane* 14 Wis. 484 ; *Roberts v. Highway Com'rs* 25 Mich. 23 ; *Campau v. Button* 33 Mich. 525 ; *Willson v. Gifford* 42 Mich. 454 ; *State v. Huck* 29 Wis. 202 ; *State v. Preston* 34 Wis. 675.

*Fred. A. Maynard* for appellee.

SHERWOOD, J.   This was an action of trespass, brought before a justice of the peace under the provisions of chapter VI of Act No. 243 of the Session Laws of 1881, to recover the penalty named in the second section of that chapter for failure to remove certain fences alleged to be encroachments upon a highway.

This chapter provides for the recovery of the penalty in cases of encroachment only, and the case sought to be proved on the trial was one of obstruction, in which, under the facts stated upon this record, the justice had no jurisdiction.

The distinction here stated was recognized and enforced by this Court in a case which arose under the city ordinances of Grand Rapids as early as 1866, in which Mr. Justice Cooley, in delivering the opinion of the Court, said: " Our laws have always made a distinction between cumbering or obstructing a public way, and encroaching upon it. The former term has been applied to impediments to travel and passage placed in the open street, and tending to make its use difficult or dangerous ; while the latter has embraced the actual enclosure of a portion of the street by fences or walks, or occupation by buildings.   The mode of dealing with the two offences has almost always been different, and the penalties also." *City of Grand Rapids v. Hughes* 15 Mich. 54.

The penalty under the statute invoked in aid of the plaintiff's cause for obstructing the highway is twenty-five dollars for each offense, while that for encroachment is fifty cents per day.

We are all satisfied with the exposition of the law as given by Mr. Justice Cooley in the case cited, and the judgment must be reversed with costs.

The other Justices concurred.